IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. ERICKSON and KRISTIN
A. ERICKSON,

        Plaintiffs,

    v.

CATERPILLAR, INC.,

_____Defendant._____/

No. Cr. S-06-2866 RRB GGH

Memorandum of Opinion
and Order

    Plaintiffs Henry and Kristin Erickson ("the Ericksons") allege that Henry was injured while operating a machine manufactured by defendant Caterpillar, Inc. The Ericksons filed a state complaint and Caterpillar filed a notice of removal, based on diversity of citizenship. After filing the state complaint, the Ericksons determined that a corporation of non-diverse citizenship should be added to the action. Since addition of the defendant would eliminate this court's jurisdiction, the Ericksons seek voluntary dismissal without prejudice. Caterpillar does not oppose dismissal but seeks

costs and fees for work regarding removal.   For the following reasons, the court GRANTS the motion to dismiss and AWARDS Caterpillar costs and fees.

I.

On November 9, 2006 the Ericksons filed a state product liability action naming Caterpillar as the sole defendant. Caterpillar manufactured a scraper that Henry Erickson was operating when an alleged cushion hitch failure caused him to be violently thrown around the cab.   On December 19, 2006, Caterpillar filed a notice of removal based on diversity of citizenship.   The Ericksons are California citizens and Caterpillar is a Delaware corporation with its principle place of business in Illinois.   After filing the state suit, the Ericksons discussed the accident with attorneys for Henry's employer, Teichert & Sons, Inc. ("Teichert").   During this discussion, the Ericksons learned that Holt Cat Service, Inc. ("Holt"), a California corporation, had serviced the Caterpillar scraper at issue in this action.   Teichert's attorney informed the Ericksons that he believed Holt to be a proper defendant and would file his own action in state court against Caterpillar and Holt if the Ericksons' action was not remanded.   The Ericksons state that they "should have delayed filing the complaint until all pertinent investigation was completed" and now seek

2

voluntary dismissal of the action without prejudice.[1]
Caterpillar does not oppose the substance of the motion but
seeks costs and fees related to the to-be-dismissed action.

II.

Federal Rule of Civil Procedure 41(a)(2) states that "an
action shall not be dismissed at the plaintiff's instance save
upon order of the court and upon such terms and conditions as
the court deems proper."  "[T]he District Court must consider
whether the defendant will suffer some plain legal prejudice as
a result of the dismissal."  Hamilton v. Firestone Tire & Rubber
Co., 679 F.2d 143, 145 (9th Cir. 1982).  Such prejudice,
"however, does not result simply when defendant faces the
prospect of a second lawsuit or when plaintiff merely gains some
tactical advantage."  Id.  The court finds that Caterpillar does
not face plain legal prejudice.  It alleges no injury beyond the
expenses associated with filing removal papers and a joint
status report.  Such costs do not bar the court from granting
voluntary dismissal, but may be considered when imposing terms
upon the dismissal.  Id.  Therefore, the court DISMISSES the
action without prejudice.

---

[1]     The Ericksons state that "since the statute of limitations
does not expire until February of 2008, it is easier to simply
dismiss this action without prejudice, and then re-file it
against Caterpillar and Holt Cat Service Inc., in state court."

The Ericksons do not dispute that they are liable for filing costs associated with the to-be-dismissed action. Therefore, the court AWARDS Caterpillar $320 for filing the original answer in state court and $350 for filing removal papers, for a total of $670 in costs.

As for fees, the Ericksons do not challenge the billing rates of Caterpillar's attorneys, but argue that the 9.5 hours billed for the removal papers and 4.6 hours billed for the joint status report are excessive given the "reasonably perfunctory" nature of the filings. They argue that no fees should be awarded. The court rejects the Ericksons' argument that a fee award is inappropriate, but finds Caterpillar's requested fees to be excessive. Neither document required extensive research or the discussion of complex issues. No matter how simple or routine, however, the filings did result in an unnecessary expenditure of attorney resources. Therefore, the court AWARDS Caterpillar $1122, 50% of its requested fees.

III.

For the above reasons, the court (1) AWARDS Caterpillar costs and fees of $1792 and (2) DISMISSES the action without prejudice.

IT IS SO ORDERED this 29th day of June, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

4